UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY WAYNE WARD,

        Petitioner,        Case Number: 09-CV-12669

v.        Honorable Lawrence P. Zatkoff

THOMAS BELL,

        Respondent.
_____/

**OPINION AND ORDER
(1) GRANTING PETITIONER'S MOTION FOR STAY AND
(2) ADMINISTRATIVELY CLOSING CASE**

Petitioner Anthony Wayne Ward filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, who is a state inmate currently incarcerated at the Parr Highway Correctional Facility in Adrian, Michigan, challenges his conviction for one count of first-degree criminal sexual conduct and five counts of second-degree criminal sexual conduct. Now before the Court is Petitioner's "Motion for Stay" [dkt 3].

I.

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted as stated above. He was sentenced to nine- to eighteen-years' imprisonment for the first-degree-criminal-sexual-conduct conviction and seven-and-one-half- to fifteen-years' imprisonment for the second-degree-criminal-sexual-conduct convictions.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising an insufficient-evidence claim regarding his conviction for first-degree criminal sexual conduct. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Ward*, No. 251407, 2005 WL 473935 (Mich. Ct. App. Mar. 1, 2005).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim raised in the Michigan Court of Appeals. The application was denied on October 31, 2005. *People v. Ward*, 705 N.W.2d 133 (Mich. 2005). Petitioner did not file a writ of certiorari in the United States Supreme Court.

On January 27, 2007, Petitioner filed a motion for relief from judgment in the Wayne County Circuit Court, raising the following claims: (1) setting aside the judgment of conviction and vacation of sentences, (2) newly discovered evidence, (3) ineffective assistance of trial counsel, and (4) ineffective assistance of appellate counsel. The Wayne County Circuit Court ordered a re-sentencing and a response from the prosecution because of defects in the original sentencing and denied Petitioner's remaining claims. *People v. Ward*, No. 03-006707-01 (Wayne County Circuit Court Sept. 20, 2007). Petitioner was subsequently re-sentenced to eighty-one months to eighteen years for the first-degree-criminal-sexual-conduct conviction and eighty-one months to fifteen years for the second-degree-criminal-sexual-conduct convictions.

Petitioner filed an appeal in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed but remanded for the correction of Petitioner's sentencing-information report and pre-sentence investigation report. *People v. Ward*, No. 284314, 2009 WL 1360991 (Mich. Ct. App. May 12, 2009).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court on June 29, 2009. That matter remains pending.

Petitioner filed the pending petition for a writ of habeas corpus on July 7, 2009, raising all the claims raised on direct review in state court and in his motion for relief from judgment. Now before the Court is Petitioner's "Motion for Stay" [dkt 3].

II.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner states that the claims raised in his habeas corpus petition have not yet been fully exhausted in state court. He is in the process of exhausting these claims as they are the subject of an application for leave to appeal the trial court's denial of his motion for relief from judgment currently pending in the Michigan Supreme Court. Petitioner asks the Court to stay the pending petition until these claims are fully exhausted in state court.

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state-court post-conviction proceedings, provided there is good cause for failure to exhaust the claims and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Petitioner states that his unexhausted claims were not presented in state court because his appellate attorney was ineffective. An appellate attorney cannot be expected to raise his own ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). Thus, the Court finds that Petitioner has asserted good cause for failing previously to present these claims. In addition, the Court finds that these claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics. *See Rhines*, 544 U.S. at 277–78. Therefore, the Court stays further proceedings in this matter pending Petitioner's exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state-court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting his state-court

remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner, whose application for collateral review is currently pending in state court, must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id*. "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* (internal quotation omitted).

### III.

Accordingly,

**IT IS ORDERED** that Petitioner's "Motion for Stay" [dkt 3] is **GRANTED**. Petitioner shall file a motion to lift the stay and an amended petition in this court within sixty days after the conclusion of the state-court proceedings.

**IT IS FURTHER ORDERED** that, to avoid administrative difficulties, the Clerk of the Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: July 20, 2009

CERTIFICATE OF SERVICE

4

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 20, 2009.

          s/Marie E. Verlinde
          Case Manager
          (810) 984-3290