**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANTHONY WARD, # 468340

        Petitioner,

v.                                                              Case Number: 09-cv-12669
                                                                              Honorable Lawrence P. Zatkoff

THOMAS BELL,

        Respondent,
_____/

## ORDER DENYING PETITIONER'S
## MOTION FOR IMMEDIATE RELEASE FROM CUSTODY

On July 7, 2009, Petitioner Anthony Ward filed a *pro se* "Petition for Writ of Habeas Corpus" [dkt. # 1], challenging the constitutionality of his 2003 convictions for one count of first-degree criminal sexual conduct and five counts of second-degree criminal sexual conduct. Pending before the Court is his "Motion for Immediate Release from Custody" [dkt. # 10], filed on March 24, 2010. For the reasons set forth below, the motion is denied.

I.

Petitioner seeks immediate release from custody or release on bail pending disposition of his habeas petition. Petitioner's argument in favor of release on bail relies upon Federal Rule of Appellate Procedure 23(c), which provides:

> While a decision ordering the release of a prisoner is under review, the prisoner must–unless the court or judge ordering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise–be released on personal recognizance, with or without surety.

The United States Supreme Court has held that this rule "undoubtedly creates a presumption of release from custody in such cases." *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987). Rule 23(c) addresses situations where a party appeals a district court's decision granting habeas relief and ordering a petitioner's release. This Court has not granted habeas relief in this case. Therefore, Rule 23(c) is inapplicable to Petitioner's case.

To receive bond pending a decision on the merits of a habeas petition, a petitioner must show a substantial claim of law based on the facts surrounding the petition and the existence of "some circumstance making the [motion for bail] exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (citing *Aronson v. May*, 85 S.Ct. 3, 5 (1964)). "There will be few occasions where a prisoner will meet this standard." *Dotson*, 900 F.2d at 79. Because a habeas petitioner "is appealing a presumptively valid state conviction . . . it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).

In this case, Petitioner contends that he has already served the minimum sentence and that he has been denied parole up to this point in time. Petitioner also alleges that his mother has died and that his father is very ill. He wishes to be released so that he can assist in his father's care. Petitioner's claim is insufficiently persuasive to establish the existence of any extraordinary and exceptional circumstances which merit immediate release on bond.

Moreover, the Respondent has not filed his answer to the petition and has not filed the

Rule 5 Materials. Therefore, it is premature for the Court to order the immediate release of Petitioner without having had the opportunity to fully review the record. The Court denies Petitioner's request for his immediate release from custody.

II.

Accordingly, **IT IS ORDERED** that Petitioner's "Motion for Immediate Release from Custody" [dkt. # 10] is **DENIED**.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: April 6, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 6, 2010.

S/Marie E. Verlinde
Case Manager
(810) 984-3290