UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY WARD,

      Petitioner,                                        Civil Action No. 2:09-cv-12669

v.                                                  HON. LAWRENCE P. ZATKOFF

THOMAS BIRKETT,

      Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**

This habeas matter is before the Court because Petitioner Anthony Ward filed a "Motion for Reconsideration" [ECF No. 43], asking the Court to reconsider its decision denying him habeas relief. *See Ward v. Birkett*, No. 2:09-cv-12669, 2013 WL 1285259 (E.D. Mich. Mar. 28, 2013). For the reasons that follow, the Motion is denied.

First, under the Court's Local Rule 7.1, motions for reconsideration "must be filed within [fourteen] days after entry of the judgment or order." E.D. Mich. LR 7.1(h)(1). Petitioner's Motion was signed and dated April 9, 2013, and filed with the Court on April 12, 2013. The Court's Opinion and Order was issued on March 28, 2013. Applying the prisoner mailbox rule, the Court deems Petitioner's motion to have been filed on April 9, 2013. *Houston v. Lack*, 487 U.S. 266, 273 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). With that, the Court finds that Petitioner's Motion was filed in a timely manner.

Second, motions for reconsideration may be granted when the moving party shows a "palpable defect by which the court and the parties and other persons entitled to be heard

on the motion have been misled [and] that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004) (Gadola, J.) (citation omitted). However, a motion for reconsideration which presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001) (Cleland, J.) (citation omitted); s*ee also Hence v. Smith*, 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999) (Gadola, J.) (same).

Finally, in his Motion, Petitioner raises the same arguments raised in his Habeas Petition. The Court thoroughly considered Petitioner's arguments outlined in his Habeas Petition, rejected them, and found that his incarceration was constitutionally sound. And, after a careful review of Petitioner's re-alleged claims in the instant Motion, the Court concludes that, because Petitioner is merely presenting issues which the Court already ruled upon, either expressly or by reasonable implication, when it denied his Habeas Petition, the Motion is denied.

Accordingly, Petitioner's Motion for Reconsideration [ECF No. 43] is denied.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

DATED: May 1, 2013